**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4016**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

PHILLIP WHITEHURST, a/k/a L'il Phil, a/k/a Lil Phil, a/k/a
Philip Whitehurst,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Alexander  Williams,  Jr.,  District
Judge.  (8:11-cr-00567-AW-8)

───────────

Submitted:  March 24, 2015        Decided:  March 31, 2015

───────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Marnitta  L.  King,  KING  LAW,  P.A.,  Largo,  Maryland,  for
Appellant.  Rod J. Rosenstein, United States Attorney, Arun G.
Rao, David I. Salem, Thomas M. Sullivan, Assistant United States
Attorney, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Whitehurst pled guilty to: Count 1, conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base; Count 2, possession with intent to distribute cocaine; and Count 3, possession of a firearm by a convicted felon.  He received an aggregate sentence of 294 months of imprisonment, below his properly calculated advisory Sentencing Guidelines range of 360 months-life (with concurrent sentences of 240 months and 120 months for Counts 2 and 3 respectively).  On appeal, Whitehurst alleges the district court procedurally erred in calculating the drug weight attributable to him.  For the reasons that follow, we affirm.

We generally review any criminal sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Rivera-Santana, 668 F.3d 95, 100 (4th Cir. 2012).  Whitehurst only alleges procedural error, here that the district court attributed too much cocaine base "crack" to him.  We must ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, selecting a sentence based on clearly erroneous facts,

2

or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range. Gall, 552 U.S. at 51; United States v. Carter, 564 F.3d 325, 328-29 (4th Cir. 2009). We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).

Our review of the record reveals no clear error by the district court in finding Whitehurst responsible for between 2.8 and 8.4 kilograms of crack. The district court based its decision on the testimony of a government agent at the sentencing hearing, the recommendations in the presentence report, and the trial testimony of witnesses in a co-defendant's trial. In these circumstances we find that information relied upon by the district court had "sufficient indicia of reliability to support its probable accuracy." U.S. Sentencing Guidelines Manual, ("USSG") § 6A1.3(a) (2013). Accordingly, we find no clear error and affirm Whitehurst's sentence. Randall, 171 F.3d at 210. We deny Whitehurst's pending motions to allow defendant to file an appeal and motion for other relief.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3